UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re:

GOOD MORNING TO YOU
PRODUCTIONS CORP.; ROBERT
SIEGEL; RUPA MARYA; and
MAJAR PRODUCTIONS, LLC,
On Behalf of Themselves and All
Others Similarly Situated,

               Plaintiffs,

          v.

WARNER/CHAPPELL MUSIC, INC.;
and SUMMY-BIRCHARD, INC.,

               Defendants.

---

**14 MISC 00179**

No. _____

Subpoena issued in
CASE NO:  2:13-cv-04460-GHK-MRW
(United States District Court for the
Central District of California)

 

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH
PLAINTIFFS' RULE 45 SUBPOENA SERVED ON NON-PARTY
AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ................................................................................................... 2

        A.       The California Action ..................................................................................... 2

        B.       ASCAP.......................................................................................................... 2

        C.       The Privilege Dispute ................................................................................... 3

        D.       The Subpoena................................................................................................ 4

ARGUMENT ........................................................................................................................... 5

I.        LEGAL STANDARD........................................................................................... 5

II.      THE SUBPOENA SEEKS TESTIMONY THAT IS IRRELEVANT TO PLAINTIFFS'
            CLAIMS AND OUTSIDE THE AGREED SCOPE OF DISCOVERY IN THE
            UNDERLYING LITIGATION ........................................................................... 7

III.     THE SUBPOENA SEEKS TESTIMONY RELATING TO EVENTS FROM 40 YEARS
            AGO ABOUT WHICH ASCAP HAS NO KNOWLEDGE ............................................. 8

IV.    THE SUBPOENA SEEKS TESTIMONY THAT IS DUPLICATIVE OF
            INFORMATION THAT HAS ALREADY BEEN PROVIDED ....................................... 8

V.      THE SUBPOENA SEEKS TESTIMONY AS TO FACTS THAT CAN BE MORE
            EASILY, AND LESS BURDENSOMELY, OBTAINED FROM DEFENDANTS ......... 9

VI.    THE SUBPOENA SEEKS TESTIMONY AS TO COUNSEL'S MENTAL
            IMPRESSIONS................................................................................................ 10

Pursuant to Federal Rule of Civil Procedure 45(d)(3), non-party American Society of Composers, Authors and Publishers ("ASCAP") respectfully submits this memorandum of law in support of its motion to quash the subpoena in the above-captioned action pending in the United States District Court for the Central District of California (the "California Action"), which was served on ASCAP by plaintiffs on June 4, 2014. (Declaration of Richard H. Reimer ("Reimer Decl.") ¶ 4, Ex. 2.)

## PRELIMINARY STATEMENT

ASCAP requests the protection of this Court from a subpoena that seeks the deposition of a representative of ASCAP on eleven different topics about events that largely occurred 40 years ago. The subpoena is unduly burdensome and should be quashed for the following reasons.

*First*, most of the testimony sought by the subpoena is irrelevant to the claims pending in the California Action, and instead focused on the basis for privilege claims made by defendants—not ASCAP—in the California Action. That is an issue that should be resolved between plaintiffs and defendants in that action. At the very least, plaintiffs should wait until after they have deposed defendants on the same issues before subjecting ASCAP to the burden of a deposition that may ultimately prove to be unnecessary.

*Second*, the subpoena also seeks testimony relating to events that occurred 40 years ago, and there is no one at ASCAP who had any involvement in, or is otherwise capable of testifying about, those events.

*Third*, the subpoena also seeks testimony that is duplicative of information that has already been provided in documents produced by ASCAP in the California Action. That

information is clearly and unambiguously set forth on the face of the documents, and any

deposition testimony as to those same facts would be redundant.

*Fourth*, the subpoena seeks testimony as to facts that can be more easily, and less

burdensomely, obtained from defendants in the California Action.

*Finally*, the subpoena seeks testimony as to counsel's protected mental

impressions in selecting and reviewing the documents produced by ASCAP in the California

Action.

Under these circumstances, the burden plaintiffs' overreaching subpoena heaps

upon non-party ASCAP is unnecessary, unreasonable and improper.   Accordingly, ASCAP

respectfully requests that the Court enter an order quashing the subpoena.

## FACTUAL BACKGROUND

### A.      The California Action

In the California Action, plaintiffs, a putative class of music users, seek a

declaration that defendants Warner/Chappell Music, Inc. and Summy-Birchard, Inc. do not own

the copyright to  the song "Happy Birthday to You," and that the song is in the public domain.

(Reimer Decl. ¶ 3, Ex. 1.)

### B.      ASCAP

Founded in 1914, ASCAP is a voluntary membership association that represents

more than 500,000 composers, songwriters, lyricists and music publishers, and licenses on a non-

exclusive basis the public performance rights in the musical works owned or administered by its

members—including the song "Happy Birthday to You."   ASCAP operates on a non-profit-

making basis, distributing all license fees collected, less operating expenses, as royalties to its

songwriter, composer and music publisher members whose works are publicly performed.

ASCAP does not have any ownership interest in any of the musical works it licenses on behalf of

its members, nor does it have any interest in the fees or royalties it collects on behalf of its members.  (*See* Reimer Decl. ¶ 5.)

## C.      The Privilege Dispute

On April 4, 2014, plaintiffs in the California Action served ASCAP with a subpoena containing 21 separate document requests.  In response to that subpoena, ASCAP produced approximately 500 documents, including all of its non-privileged files and records concerning "Happy Birthday to You."  Included in the documents produced by ASCAP were communications from the 1970s between defendant Summy-Birchard and its then-counsel, Coudert Brothers, and related correspondence (the "Documents").  After ASCAP produced those communications, defendants informed ASCAP that they consider the Documents to be privileged, at which time ASCAP advised plaintiffs of defendants' claim of privilege.  (*See* Reimer Decl. ¶ 6.)

Plaintiffs challenged defendants' claim of privilege and, on May 22, 2014, served a Rule 30(b)(6) deposition notice on defendants concerning the privilege claim.  (*See* Reimer Decl. ¶ 7, Ex. 3.)  By letter dated June 2, 2014, defendants objected to the deposition notice as outside the scope of permissible discovery, and refused to provide a witness to testify in response to the deposition notice.  (*See* Reimer Decl. ¶ 8, Ex. 4.)  Thereafter, on June 4, 2014, plaintiffs served the present subpoena on ASCAP, seeking testimony—five days later, on June 9, 2014— concerning the very same 30(b)(6) deposition topics objected to by defendants.  (*See* Reimer Decl. ¶ 9.)  As plaintiffs acknowledged in a letter sent to defendants on June 5, 2014 (the day after plaintiffs served the present subpoena on ASCAP), plaintiffs seek the deposition of an ASCAP representative "[b]ecause Warner Chappell has refused to provide any information about its relationship with ASCAP."  (*See* Reimer Decl. ¶ 9, Ex. 5.)

**D.      The Subpoena**

The subpoena seeks the deposition of an ASCAP representative knowledgeable about the following 11 topics:

- "The circumstances surrounding the original preparation of the [Documents]" (topic 1);

- "ASCAP's collection, review, selection, and production of the Documents" (topic 2);

- "The basis of any claim by or on behalf of [defendants] that any of the Documents are privileged or otherwise protected from disclosure" (topic 3);

- "How and why the Documents are and were in the possession of ASCAP" (topic 4);

- The relationship between or among defendants, ASCAP and the Coudert Brothers law firm in the period from 1974 through 1979 (topic 5);

- The services provided by ASCAP to defendants during the period from 1974 through 1979 (topic 6);

- The license fees collected and distributed by ASCAP for the song "Happy Birthday to You" (topic 7);

- "The scope or validity of any copyright of the song *Happy Birthday to You*" (topic 8);

- "ASCAP's interest in any fees or royalties it collects for the song *Happy Birthday to You*" (topic 9);

- "ASCAP's interest in any copyright to the song *Happy Birthday to You*" (topic 10); and

- "Any disputes regarding the scope or validity of any copyright to the song *Happy Birthday to You*" (topic 11).

Upon receiving the subpoena, counsel for ASCAP contacted counsel for plaintiffs in a good faith effort to assess whether an amicable agreement could be reached regarding the overbroad subpoena.  Based upon an understanding that plaintiffs were seeking ASCAP's testimony in connection with a privilege dispute that would soon be presented to the district

-4-

court in the California Action, ASCAP's counsel suggested that any deposition of ASCAP be adjourned until after that dispute is resolved. Plaintiffs' counsel refused to agree to any such adjournment.

Accordingly, having no other choice, ASCAP respectfully moves for an order granting relief from the significant and unnecessary burden associated with the overreaching and improper subpoena.

## ARGUMENT

### I.      LEGAL STANDARD

Rule 45(d)(1) of the Federal Rules of Civil Procedure requires a party who issues a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). When a party fails to take such reasonable steps, Rule 45(d)(3)(A) authorizes the court to quash or modify a subpoena that subjects a person to an undue burden. In determining whether a subpoena imposes an undue burden, courts in this Circuit have considered such factors as "'relevance, the need of the party for the [information], the breadth of the [information] request, the time period covered by it, . . . and the burden imposed.'" *Concord Boat Corp.* v. *Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (quoting *United States* v. *IBM Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)); *see also Koch* v. *Pechota*, No. 10 Civ. 9152 (RWS), 2013 WL 5996061, at *1 (S.D.N.Y. Nov. 8, 2013).

Courts in this Circuit have also given "special weight" to the burden on non-parties from subpoenas. *Arista Records LLC* v. *Lime Grp. LLC*, No. 06 Civ. 5936 (KMW), 2011 WL 781198, at *2 (S.D.N.Y. Mar. 4, 2011) ("Where, as here, discovery is sought from a non-party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party." (citations and quotations omitted)); *see also Miscellaneous Docket Matter No. I* v. *Miscellaneous Docket Matter No. 2*,

197 F.3d 922, 927 (8th Cir. 1999) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *Cusumano* v. *Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (emphasizing the special protection provided to non-parties subpoenaed in that they "are strangers to the . . . litigation; insofar as the record reflects, they have no dog in that fight.  Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations.").  As such, non-parties—such as ASCAP here—are afforded special protection against the time and expense of complying with subpoenas. *See, e.g., Exxon Shipping Co.* v. *United States Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).

If a non-party subpoena is unduly burdensome, fails to provide a reasonable time to comply, or requires disclosure of privileged or other protected matter, then the court "*must* quash or modify" the subpoena.  Fed. R. Civ. P. 45(d)(3) (emphasis added).

A non-party subpoena should also be quashed where, as here, the information sought is duplicative of discovery served on a party in the litigation.  *See Grigsby & Assocs., Inc.* v. *Rice Derivative Holdings, L.P.*, No. 00 Civ. 5056 (RO), 2001 WL 1135620, at *3-4 (S.D.N.Y. Sept. 26, 2011).  This result is also consistent with Rule 26(b)(2)(C)(i), which requires that the court limit discovery if it determines that the "discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).

Moreover, a non-party subpoena is also subject to the general limitations of Rule 26(b)(1), which provides that parties may only obtain discovery regarding non-privileged matters that are "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1); *see Overton* v.

*Todman & Co.*, No. 05 Civ. 7956 (DAB), 2009 WL 3154296, at *3 (S.D.N.Y. Sept. 24, 2009).

Thus, a non-party subpoena that "pursues material with little apparent or likely relevance to the

subject matter . . . is likely to be quashed as unreasonable even where the burden of compliance

would not be onerous." *Kirschner* v. *Klemons*, No. 99 Civ. 4828 (RCC), 2005 WL 1214330, at

*2 (S.D.N.Y. May 19, 2005) (citations and quotations omitted).

Here, all of the foregoing factors favor granting ASCAP's motion to quash.

## II.      THE SUBPOENA SEEKS TESTIMONY THAT IS IRRELEVANT TO PLAINTIFFS' CLAIMS AND OUTSIDE THE AGREED SCOPE OF DISCOVERY IN THE UNDERLYING LITIGATION

The subpoena should be quashed because most of the testimony it seeks is

irrelevant to the claims pending in the California Action, and instead focused—as plaintiffs

concede—on the basis for privilege claims made by defendants—not ASCAP—in the California

Action.   That is an issue that should, at least initially, be resolved between plaintiffs and

defendants in that action.

Indeed, topics 1, 3, 4, 5 and 6 are identical copies of the 30(b)(6) deposition topics

plaintiffs previously served on defendants in the California Action, and there is an ongoing

dispute in that case as to plaintiffs' right to conduct such discovery (at least at this stage of the

litigation).   Until that dispute between the parties in the California Action is resolved, either

amicably or by the court, there is no reason why ASCAP should be subjected to the burden of a

deposition that is currently outside the agreed scope of discovery in that case.  At the very least,

plaintiffs should wait until after they have deposed defendants on the same issues before

subjecting ASCAP to the burden of a deposition that may ultimately prove to be unnecessary.

For these reasons, the subpoena should be quashed as related to topics 1, 3, 4, 5

and 6.

### III.   THE SUBPOENA SEEKS TESTIMONY RELATING TO EVENTS FROM 40 YEARS AGO ABOUT WHICH ASCAP HAS NO KNOWLEDGE

The subpoena should also be quashed because it seeks testimony relating to events that occurred 40 years ago, and there is no one at ASCAP who had any involvement in, or is otherwise capable of testifying about, those events.  (Reimer Decl. ¶ 10.)  For example, topics 1, 3, 4, 5, 6 and 8 all relate to events that took place in the 1970s.  ASCAP has already produced any and all non-privileged documents it has relating to those issues, and there is no longer anyone at ASCAP who was involved in those issues, or otherwise has any knowledge of those issues.  As such, the burden of requiring an ASCAP witness to appear for a deposition concerning those topics outweighs any possible benefit.

Accordingly, the subpoena should be quashed as related to topics 1, 3, 4, 5, 6 and 8.

### IV.   THE SUBPOENA SEEKS TESTIMONY THAT IS DUPLICATIVE OF INFORMATION THAT HAS ALREADY BEEN PROVIDED

The subpoena should also be quashed because it seeks testimony that is duplicative of information that has already been provided in documents produced by ASCAP in the California Action.  As noted above, ASCAP has already produced approximately 500 documents to plaintiffs, including all of its non-privileged files and records concerning "Happy Birthday to You."  The documents previously produced reflect ASCAP's full knowledge as to:

- "The circumstances surrounding the original preparation of the [Documents]" (topic 1);

- "The basis of any claim by or on behalf of [defendants] that any of the Documents are privileged or otherwise protected from disclosure" (topic 3);

- "How and why the Documents are and were in the possession of ASCAP" (topic 4);

- The relationship between or among defendants, ASCAP and the Coudert Brothers law firm in the period from 1974 through 1979 (topic 5);

- The services provided by ASCAP to defendants during the period from 1974 through 1979 (topic 6);

- "The scope or validity of any copyright of the song *Happy Birthday to You*" (topic 8);

- "ASCAP's interest in any copyright to the song *Happy Birthday to You*" (topic 10); and

- "Any disputes regarding the scope or validity of any copyright to the song *Happy Birthday to You* (topic 11).

Any and all information that ASCAP has as to those topics is clearly and unambiguously set forth on the face of the documents previously produced, and any deposition testimony by an ASCAP witness as to those same facts would be redundant.  (Reimer Decl. ¶ 11.)[1]

Therefore, the subpoena should be quashed as related to topics 1, 3, 4, 5, 6, 7, 8, 9, 10 and 11.

## V.   THE SUBPOENA SEEKS TESTIMONY AS TO FACTS THAT CAN BE MORE EASILY, AND LESS BURDENSOMELY, OBTAINED FROM DEFENDANTS

The subpoena should also be quashed because it seeks testimony as to facts that can be obtained more easily, and less burdensomely, from defendants in the California Action. As noted above, the topics in plaintiffs' 30(b)(6) notice of deposition on defendants are identical to topics 1, 3, 4, 5 and 6 in plaintiffs' subpoena to ASCAP.  At the very least, plaintiffs should

---

[1]   ASCAP understands that the court in the California Action has bifurcated the case into separate liability and damages phases, and that, as a result, discovery of license fees and royalties has been deferred.  Accordingly, ASCAP has not yet produced documents concerning or reflecting (i) the license fees collected and distributed by ASCAP for the song "Happy Birthday to You" (topic 7), or (ii) "ASCAP's interest in any fees or royalties it collects for the song Happy Birthday to You" (topic 9), and any deposition testimony as to those topics should likewise be deferred.

wait until after they have deposed defendants on the same issues before subjecting ASCAP to the burden of a deposition that may ultimately prove to be unnecessary.

Moreover, there is no reason to believe that ASCAP has any unique or superior knowledge of topics 1, 3, 4, 5 and 6.  In fact, as discussed above, ASCAP has <u>no</u> knowledge of those subjects (or topics 7, 8 and 9) beyond what is clearly and unambiguously set forth in the documents already produced by ASCAP.

Because plaintiffs seek the same information from defendants, for whom discovery is an expected element of litigation, plaintiffs' non-party subpoena directed at ASCAP should be quashed as related to topics 1, 3, 4, 5, 6, 7, 8, 9, 10 and 11.

## VI.   THE SUBPOENA SEEKS TESTIMONY AS TO COUNSEL'S MENTAL IMPRESSIONS

Finally, the subpoena should be quashed as related to topic 2 because that topic seeks testimony as to counsel's mental impressions in selecting and reviewing the documents produced by ASCAP in the California Action, information that is plainly protected from disclosure by attorney-client privilege and the work product doctrine.  *See, e.g., Shelton* v. *Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (refusing to permit deposition of in-house counsel concerning her process of reviewing documents for production in the litigation). (Reimer Decl. ¶ 12.)

## CONCLUSION

For these reasons, non-party ASCAP respectfully requests that its motion to quash be granted.

Dated:   New York, New York
           June 6, 2014

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By_____
           Darren W. Johnson
1285 Avenue of the Americas
New York, New York 10019-6064
Phone: (212) 373-3710
Email: djohnson@paulweiss.com;


Richard H. Reimer
American Society of Composers, Authors and Publishers
One Lincoln Plaza
New York, New York 10023
Phone: (212) 621-6200
Fax: (212) 787-1381
Email: rreimer@ascap.com

*Attorneys for the American Society of Composers, Authors and Publishers*