UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>GOOD MORNING TO YOU PRODUCTIONS CORP.; ROBERT SIEGEL; RUPA MARYA; and MAJAR PRODUCTIONS, LLC, On Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>WARNER/CHAPPELL MUSIC, INC.; and SUMMY-BIRCHARD, INC.,<br><br>　　　　　Defendants. | CASE NO. 14-mc-179<br><br>**ORDER TO SHOW CAUSE**<br><br>Subpoena issued in<br>CASE NO: 2:13-cv-04460-GHK-MRW<br>(United States District Court for the Central District of California) |

## DECLARATION OF MARK C. RIFKIN IN SUPPORT OF ORDER TO SHOW CAUSE TO COMPEL THE APPEARANCE OF AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS FOR DEPOSITION

I, Mark C. Rifkin, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the States of New York and Pennsylvania, and a partner with the law firm Wolf Haldenstein Adler Freeman & Herz LLP, interim lead class counsel for Plaintiffs and the Class in the action now pending in the Central District of California captioned *Good Morning to You Productions Corp., et al. v. Warner/Chappell Music, Inc., et al.*, No. 2:13-cv-04460-GHK-MRW (C.D. Cal.) (the "California Action"). I have personal knowledge of the following facts, and if called upon to do so, I could and would competently testify as to them.

2.      I submit this declaration in support of the motion by plaintiffs Good Morning To You Productions Corp., Robert Siegel, Rupa Marya d/b/a Rupa & The April Fishes, and Majar Productions, LLC: (a) compelling non-party The American Society of Composers, Authors and Publishers ("ASCAP") to appear for a deposition on or before July 18, 2014, and answer all relevant, non-privileged questions posed to its designee, Richard Reimer, Esquire; (b) compelling ASCAP to pay Plaintiffs their reasonable fees and costs incurred to resume the deposition and for making this motion; and (c) granting such other and further relief as may be just and proper. Plaintiffs' Proposed Order to Show Cause is attached hereto as Exhibit A.

3.      Plaintiffs are filmmakers and musicians who were unlawfully charged fees by the defendants to perform the song *Happy Birthday to You* ("*Happy Birthday*" or, the "Song") or use it in their documentary films or movies. In the California Action, Plaintiffs allege that the defendants do not own any copyright to *Happy Birthday* and seek to determine the defendants' disputed copyright ownership of the Song. As Plaintiffs allege, historical evidence establishes that the defendants do not own any copyright to *Happy Birthday* but nevertheless charge and collect fees and royalties for commercial use of the Song. Even though *Happy Birthday* has been performed since around the turn of the 20th Century, no court has ever resolved the disputed ownership, scope, or validity of the copyright.

4.      On March 28, 2014, Plaintiffs caused a document subpoena to be served upon ASCAP seeking documents relevant to Plaintiffs' claims in the California Action.

5.      ASCAP objected to the document subpoena but did not seek to quash it.

6.      Following a short telephone call with Plaintiffs on April 22, 2014, ASCAP agreed to produce documents in response to that subpoena. Before producing the documents, Richard Reimer, Esquire, ASCAP's Senior Vice President – Legal Services, spoke by telephone with

Mark C. Rifkin, Esquire, one of Plaintiffs' counsel, to advise him that ASCAP was sending approximately 500 pages of documents to Plaintiffs. Plaintiffs received ASCAP's documents on May 9, 2014.

7. As Mr. Reimer told Mr. Rifkin, two of the documents, letters from Richard Wincor, Esquire, of Coudert Brothers to David K. Sengstack, President of Summy-Birchard Company (the defendants' predecessor-in-interest) (collectively, the "Coudert Letters"), discussed in detail the copyright's disputed ownership.

8. ASCAP marked all 500 pages "Confidential" pursuant to a stipulated protective order approved by the Central District of California on May 5, 2014.

9. On May 16, 2014, Mr. Rifkin and Randall S. Newman, one of his co-counsel in the California action, spoke by telephone with Mr. Reimer to ask that ASCAP withdraw the "Confidential" designation for the Coudert Letters. After a short conversation, Mr. Reimer said he would need to speak with others before agreeing to the request, but that he did not oppose withdrawing the "Confidential" designation.

10. After making that request, I received a letter from Mr. Reimer on May 22, 2014, in which he asserted that the defendants in the California Action claimed that certain of the documents ASCAP produced are privileged attorney-client communications or attorney work product. Mr. Reimer also said that counsel for the defendants in the California Action would be contacting me directly "to provide the details as to the basis for their clients' claim of privilege." A true and correct copy of Mr. Reimer's May 22nd letter is attached hereto as Exhibit B.

11. After I received Mr. Reimer's May 22nd letter, I exchanged correspondence and spoke by telephone with Kelly M. Klaus, Esquire, counsel for the defendants in the California Action, regarding the defendants' claim of privilege.

12. Whether the Documents at issue in the California Action are privileged may depend, among other things, upon the nature of the relationship between ASCAP and Summy-Birchard, the services provided by ASCAP to Summy-Birchard, their respective interests (if any) in the *Happy Birthday* copyright, their understanding (if any) regarding the documents, the reason(s) why the documents were created, the reason(s) why Summy-Birchard sent the documents to ASCAP, and the circumstances under which the documents were produced to Plaintiffs. Each of these factors can best be determined on a fully-developed factual record.

13. In light of the factual issues raised by the defendants' claim of privilege and the impending discovery deadline in that action of June 27, 2014, Plaintiffs issued a subpoena to ASCAP on May 29, 2014, pursuant to Federal Rules of Civil Procedure 45 and 30(b)(6), for the deposition of its representative(s) concerning, *inter alia*, the nature of ASCAP's relationship to defendants now and in the 1970s, the services ASCAP provides to its members (including the defendants and their predecessors-in-interest), how and why ASCAP received the Coudert Letters in 1979, and the circumstances surrounding ASCAP's production of documents to Plaintiffs. Plaintiffs set forth in an attachment to the deposition subpoena a list of eleven matters on which Plaintiffs intended to examine ASCAP's designee. A true and correct copy of the deposition subpoena with that attachment, served on ASCAP on June 4, 2014 (henceforth, the "Dep. Subpoena"), is attached hereto as Exhibit C.

14. Among the eleven topics identified in the Dep. Subpoena were the following:

Topic 5: The relationship(s), if any, between or among Sumy-Birchard Music, Summy-Birchard Company, ASCAP, and the Coudert Brothers in the period from 1974 through 1979;

Topic 6: The services provided by ASCAP to or for Summy-Birchard Music or Summy-Birchard Company during the period from 1974 through 1979;

>   Topic 7:   The distribution of any fees or royalties ASCAP collects and has collected for the song *Happy Birthday to You.*

15.   On June 9, 2014, the discovery deadline in the Underlying Action was extended to July 11, 2014.

16.   On June 12, 2014, ASCAP filed a motion with this Court to quash the deposition subpoena. ECF No. 1. On that same date, I spoke by telephone with Darren W. Johnson, Esquire, of Paul, Weiss, Rifkind, Wharton & Garrison LLP, ASCAP's counsel, regarding the motion to quash. Since ASCAP's primary objection to the deposition subpoena appeared to be that ASCAP could not produce a witness with knowledge of a number of the topics specified in the Dep. Subpoena, I offered to withdraw the Dep. Subpoena on the substantive issues if and to the extent ASCAP produced a sworn statement setting forth the topics from the Dep. Subpoena on which ASCAP has no representative with any knowledge.

17.   On June 19, 2014, Plaintiffs submitted its opposition to ASCAP's motion to quash the deposition subpoena. *See* ECF No. 7.

18.   Thereafter, I spoke by telephone several times and exchanged several emails with Mr. Johnson in an attempt to resolve ASCAP's motion to quash. Eventually, Mr. Johnson and I reached an agreement for the deposition of Mr. Reimer, as ASCAP's Rule 30(b)(6) designee, to go forward. In exchange for ASCAP's agreement to withdraw its motion to quash and produce Mr. Reimer to testify, I agreed that the deposition would last no more than 90 minutes, provided only that: (1) Mr. Reimer would answer affirmatively that he "knowingly" and "intentionally" produced the disputed documents to Plaintiffs; and (2) Mr. Reimer would not testify inconsistent with Mr. Johnson's representation that Mr. Reimer has no substantive knowledge other than what is contained in the documents ASCAP produced. Except for the 90-minute duration, I did not agree to limit the scope of the examination in any way.

19. Mr. Johnson agreed to produce Mr. Reimer to testify at the offices of Paul Weiss on July 11, 2014, which I previously told him was the last day for fact discovery in the California Action.

20. A true and correct copy of my email exchange with Mr. Johnson confirming our agreement regarding the deposition subpoena is attached hereto as Exhibit D.

21. Mr. Reimer appeared for his deposition as agreed on July 11, 2014. The deposition lasted only 39 minutes. A true and correct copy of the deposition is attached hereto as Exhibit E.

22. The questions that ASCAP's counsel instructed Mr. Reimer not to answer are:

- Q. Who sets the prices at which ASCAP issues its blanket licenses? Ex. E (19:19-20).

- Q. Who set the prices at which ASCAP issued blanket licenses during the period from 1974 through 1979? Ex. E (20:8-11).

- Q. Did Summy-Birchard have the right to instruct ASCAP how much to charge for the blanket licenses it issued during the period from 1974 through 1979? Ex. E (20:19-22).

- Q. Did you find any indication in any documents you saw you that ASCAP agreed with Summy-Birchard that any communication ASCAP received about the song Happy Birthday To You or any copyright to the song from Coudert Brothers would be subject to the attorney client privilege? Ex. E (31:25; 32:1-6).

- Q. During that same period 1974 through 1979, did ASCAP help members to acquire new music? Ex. E (32:16-18).

- Q. Does ASCAP presently help any of its members register copyrights in new music? Ex. E (33:15-16).

- Q. Does ASCAP currently help members to acquire new music? Ex. E (33:22-23).

- Q. Does ASCAP provide quality control services to any of its members to today? Ex. E (35:2-3).

- Q. Does ASCAP provide design services to any of its individual members today? Ex. E (35:6-7).

- Q. Does ASCAP provide A and R [artists and repertoire] services to its individual members today? Ex. E (35:16-17).

23.  Mr. Johnson repeatedly instructed Mr. Reimer not to answer questions because the questions were purportedly outside the scope of the topics on which he claimed I was permitted to examine Mr. Reimer. For example, Mr. Johnson asserted that the questions he instructed Mr. Reimer not to answer are: "outside the scope of the topics that we agreed to and outside the scope of the topics as they appear on the face of the subpoena" (Ex. E (9:25; 10:1-3)); "beyond the scope of the topics here" (Ex. E, 12:13-14); "beyond the scope of your subpoena (Ex. E (20:13)); "beyond the scope of what the relevant discovery is in this case at this point in time" (Ex. E (21:16-18)); and "beyond the scope of the agreed topics" (Ex. E (32:21-22)). In other instances, Mr. Johnson instructed Mr. Reimer not to answer questions without providing any basis for his instruction.

24.  At no time during the deposition did Mr. Johnson assert that any of the questions I asked required Mr. Reimer to disclose attorney-client privileged information or information subject to the work product doctrine. Mr. Johnson did not otherwise identify any valid basis for instructing Mr. Reimer not to answer questions during his 39-minute deposition.

25.  Mr. Reimer complied with Mr. Johnson's instructions and refused to answer any of the questions which Mr. Johnson instructed him not to answer. (*See* Ex. E, 37:9-11).

26.  Plaintiffs have moved in the California Action to overrule the defendants' claim of privilege as to the documents produced by ASCAP. A hearing on that motion is set for July 25, 2014, with the parties' deadline for filing all briefs on the motion set for July 22, 2014.

27. The questions that ASCAP refused to answer during the Rule 30(b)(6) deposition relate to a significant discovery dispute in the California Action that is set for hearing next week, on July 25, 2014. Plaintiffs require answers to relevant questions without further delay in order to file their reply brief on the motion by July 22, 2014, which the district court has set as the deadline for briefing on the motion. The timeline for resolution of this matter on notice of motion would leave it unresolved until after Plaintiffs must complete their briefing of the discovery dispute in the California Action and, indeed, after the hearing on the discovery motion. Plaintiffs have no alternative but to bring this matter before the Court by Order to Show Cause. Plaintiffs have not previously sought an Order to Show Cause in this matter.

28. I declare subject to the penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed this 14th day of July 2014, in the City and State of New York.

By: _____
Mark C. Rifkin